## CIRCUIT COURT OF CULPEPER COUNTY

South Wales Utility, Inc.

v.

Commonwealth of Virginia, *ex rel.*
State Water Control Board, et al.

May 11, 1990

Case No. 161-C-89

By JUDGE LLOYD C. SULLENBERGER

South Wales Utility, Inc. (Utility), a Virginia public service corporation, has appealed to this court a decision of the State Water Control Board (SWCB) denying Utility's application for a Virginia Pollutant Discharge Elimination System permit (permit). Appeal is pursuant to Article 4, Chapter 1.1:1, Title 9 of the Code of Virginia, the Administrative Process Act.

The SWCB and its executive director were named parties. Over objection, the Piedmont Environmental Counsel (PEC) was granted leave to intervene. Utility has filed a motion for summary judgment. The parties agreed at oral argument on March 28, 1990, that there are no material facts genuinely in dispute. The court has considered the pleadings, including the two-volume record of the proceedings of the SWCB, the memoranda, and the oral argument of counsel.

Utility asserts that the SWCB erroneously failed to issue a permit because of litigation pending in this court.

The SWCB, on recommendation of its staff, denied the permit until litigation in this court in the suit of *Homestretch Corporation, et al. v. Board of Supervisors of Culpeper County, et al.,* # 185-C-88, concerning whether the proposed sewage treatment plant complies with Culpeper County land use ordinances and concerning whether the certification of compliance with local land use ordinances by Culpeper County was sufficient, is decided. *See* SWCB record, vol. II, tab. 74.

Since administrative agencies may validly act only within the authority conferred upon them by statutes vesting power therein, the court concludes that if the SWCB determined the application for a permit was complete, the SWCB should have acted on the application. *See* Va. Code Section 62.1-44.19(2).

The SWCB, upon being advised of litigation pending in a court having jurisdiction concerning the locality's certification required by Code § 62.1-14.15:3 could, this court concludes, have determined that the application was not complete until the litigation was concluded in the trial court; hence, the discretion which this court recognized in refusing to grant in December, 1988, a writ of mandamus requiring SWCB to cease consideration of Utility's application pending the suit. *See* letter ruling in *Homestretch,* # 185-C-88, dated December 27, 1988, embodied in later order.

However, SWCB admits in its answer to Utility's petition for appeal in the case at bar that it deemed complete Utility's application for a permit. *See* SWCB answer, para. 17. The court, therefore, holds that SWCB, having determined that Utility's application was complete, should have determined on the merits whether to issue the permit.

Having so decided the first issue, the next issue before the court is how the court shall direct the SWCB. Utility would have the court order the SWCB to issue the permit.

The court refuses to do so. It concludes that the SWCB did not make a finding that the permit should have been issued, but for the *Homestretch* litigation. The court

18

cannot supply agency action committed by the basic law to the agency. *See* Code § 9-6.14:19.

The next issue is whether the court should order, on remand of the matter to the SWCB, that it determine forthwith, from the information before it in June, 1989, whether to issue the permit; that it begin the application review process anew; or that it follow some other procedure.

The court concludes that the SWCB should determine on remand whether the permit should be issued based on the prior application -- deemed by it to be complete -- unless it determines, considering its existing rules of procedure and other requirements of law, that because of the elapse of time, or otherwise, further information or review is necessary for the SWCB to properly discharge its functions.